**Gene MILLIGAN, Appellant,**

v.

**Marilisa NIEBUHR, Appellee.**

**No. 03–98–00246–CV.**

Court of Appeals of Texas, Austin.

Feb. 25, 1999.

Released for Publication March 25, 1999.

From The District Court of Caldwell County, 207th Judicial District, No. 97–0–170; Jack Robison, Judge Presiding.[1]

Jim Duvall, San Marcos, for Appellant.

Christopher L. Boldt, Baker, Boldt & Gallerano, Dripping Springs, for Appellee.

Before JONES, B.A. SMITH and YEAKEL, JJ.

BEA ANN SMITH, Justice.

Appellant Gene Milligan sought injunctive and declaratory relief concerning his rights pursuant to an easement burdening land owned by his former spouse, appellee Marilisa Niebuhr. The trial court ruled that the easement was terminated by a final decree of divorce that awarded the burdened property to Ms. Niebuhr. Milligan brings this appeal, complaining that the trial court erred in finding that the agreed decree terminated his easement. We will affirm the trial court's judgment.

## BACKGROUND

In July 1983, Dr. Gene Milligan purchased an 8.98 acre tract, known as the "Peach Orchard," in the Bella Vista subdivision of Caldwell County near the San Marcos River. His purchase included an easement across an adjoining strip of land, known as Lot 13, "for access to the river and recreational purposes." In addition to the Peach Orchard, Dr. Milligan also owned Lot 14, a riverfront tract adjoining Lot 13 and of similar size and shape.[2] In November 1991, Marilisa Niebuhr purchased Lot 13, subject to the easement pertaining to the Peach Orchard. The two neighbors married in May 1992 and divorced in October 1995. The parties each signed an agreed decree of divorce, "approved and consented to as to both form and substance." This agreed decree awarded Lot 13 to Ms. Niehbuhr and the Peach Orchard, as well as Lot 14, to Dr. Milligan. Neither party appealed the final divorce decree.

After the divorce, Dr. Milligan continued to use his easement across Lot 13 for picnicking, swimming, and general recreational purposes, which activities were en-

1. Although Judge James C. Onion presided over the trial in this cause, the record indicates that Judge Robison signed the final judgment on Judge Onion's behalf.

2. Lots 13 and 14 are two tracts in a series of "finger lots," narrow strips of land providing access to the San Marcos River from the east; their common border is a long boundary running west toward the river, dividing Lot 14 on the north from Lot 13 on the south. The narrow eastern borders of both lots touch a portion of the Peach Orchard's western boundary.

hanced by the property's river access. He believed that the divorce decree left his easement in place; Ms. Niebuhr believed that Lot 13 was no longer encumbered by the easement. Disputing Dr. Milligan's right to continued use of the property, Ms. Niebuhr put a new combination lock on the gate to keep her former husband off the property.

Dr. Milligan sought injunctive relief, plus actual and exemplary damages for his loss of the property's use. On May 27, 1997, the trial court granted a temporary injunction ordering Ms. Niebuhr to remove the lock, which she did. Ms. Niebuhr then asked the court to declare that the final decree of divorce in 1995 divested Dr. Milligan of any rights in Lot 13.

The easement dispute was tried to the court in March 1998. In a declaratory judgment signed April 27, 1998, the court held that the easement across Lot 13 was terminated by the divorce decree; it further dissolved the temporary injunction and awarded court costs to Ms. Niebuhr.

■ Dr. Milligan brings nine points of error, first alleging that the court erred in holding that his easement was terminated, and then complaining of other actions the court should have taken in his favor because he should have prevailed. He concedes that unless we sustain his first point of error, we need not address his remaining points.

*An Agreed Divorce Decree is a Contract*

■ The agreed decree of divorce is a contract. We are to interpret its meaning by the rules relating to the construction of contracts. See *McPherren v. McPherren,* 967 S.W.2d 485, 490 (Tex.App.—El Paso 1998, no writ).

> When construing an agreement incident to divorce, a court must look to the intentions of the parties as they are manifested in the written agreement. If a written agreement is worded so that it can be given a certain or definite legal meaning or interpretation, it is unambiguous.

*Id.* (citations omitted). The interpretation of an unambiguous contract is a question of law to be determined by the court. See *Myers v. Gulf Coast Minerals Management Corp.,* 361 S.W.2d 193, 196 (Tex. 1962); *Texas Workers' Compensation Ins. Facility v. State Bd. of Ins.,* 894 S.W.2d 49, 52 (Tex.App.—Austin 1995, no writ). The court is "bound by the express stated intent of the parties as manifested within the four corners of the instrument itself." *Thompson v. Thompson,* 500 S.W.2d 203, 207 (Tex.Civ.App.—Dallas 1973, no writ).

The four corners of this agreed decree unambiguously express the parties' intent: Ms. Niebuhr is awarded "any and all interest" in Lot 13 as her sole and separate property and Dr. Milligan "*is hereby divested of all right, title, interest, and claim in and to such property.*" Dr. Milligan is awarded "any and all interest" in the Peach Orchard as his sole and separate property, and Ms. Niebuhr is "divested of all right, title, interest, and claim in and to" that property. The decree does not mention the easement appurtenant to the Peach Orchard that burdened Lot 13.

■ Appellant argues that an easement appurtenant is an interest in the dominant estate, and therefore the award of the Peach Orchard to him includes the easement burdening Lot 13. We disagree. An easement is an appurtenance to the dominant estate and an interest in the servient estate. See *Hidalgo & Cameron Counties Water Control & Improvement Dist. No. 9 v. Maverick County Water Control & Improvement Dist. No. 1,* 349 S.W.2d 768, 772 (Tex.Civ.App.—San Antonio 1961, writ dism'd w.o.j.). This is because it gives the owner of the easement certain rights in the use and enjoyment of the servient estate. While these rights may benefit the owner of the dominant estate, ownership of the easement does not confer any additional interest in the dominant estate because a fee simple owner already possesses the fullest interest possi-

ble in that estate. *See Hidalgo County Water Control & Improvement Dist. No. 16. v. Hippchen,* 233 F.2d 712, 714 (5th Cir.1956) (a person cannot have an easement in his own land since all the uses of an easement are fully comprehended in his general right of ownership). Since an easement is not an interest in the dominant estate, the language in the divorce decree awarding the Peach Orchard to Dr. Milligan does not reserve any interest in the prior easement across Lot 13.

Language elsewhere in the decree further clarifies that the parties did not intend for Dr. Milligan to retain any rights in the easement. The decree contains a separate provision stating:

> Each party will live separately and apart from the other for the rest of his or her life at any place or places that he or she may elect. Neither party will molest, harass, annoy, injure, threaten, or interfere with the other party in any manner whatsoever. Each party may carry on and engage in any employment, profession, business, or other activity as he or she may deem advisable for his or her sole use and benefit. *Neither party will interfere with the use, ownership, enjoyment, or disposition of any property now owned or hereafter acquired by the other.*

(Emphasis added.) Furthermore, the agreement specifies that each party:

> (a) is clearly informed of the facts relating to the subject matter of this agreement and of the rights and liabilities of both parties;
>
> (b) enters into this agreement voluntarily after receiving the advice of independent counsel;
>
> (c) has given careful and mature thought to the making of this agreement;
>
> (d) has carefully read each and every provision of this agreement; and

> (e) completely understands the provisions of this agreement, as to both the subject matter and the legal effect.

■ Appellant urges that the intent to abandon an easement "must be established by clear and satisfactory evidence," citing *Dallas County v. Miller,* 140 Tex. 242, 166 S.W.2d 922, 924 (1943). However, *Miller* stands for the proposition that abandonment of an easement will not result from non-use alone; instead, the "circumstances must disclose some definite act showing an intention to abandon and terminate the right possessed by the easement owner." *Id.* In the present case, the parties' joint signing of the divorce agreement was a definite act. The trial court correctly determined that the parties' intention, as expressed in the four corners of that document, was that Ms. Niebuhr hold Lot 13 unencumbered by any easement in favor of Dr. Milligan after the divorce.

■ We disagree with appellant's contention that it was Ms. Niebuhr's burden to mention the easement if it was to be terminated by the agreement. To the extent that Dr. Milligan intended to retain the easement in the face of language in the agreement that divested him of all right, title, interest, and claim in and to Lot 13, it was his burden to express this contrary intent. No such intent can be gleaned from the four corners of the agreed divorce decree. Nor can Dr. Milligan rely on any side-bar agreement that he was to continue to enjoy use of the easement, since the consent decree specifically states that it supercedes any and all other agreements, either oral or in writing, and that it contains the entire agreement of the parties.

■ This easement dispute is nothing more than an attempt to modify the division of property clearly expressed in the parties' agreed decree of divorce.[3] That final decree, which was not appealed, may not now be amended by asking the court to

---

**3.** The record indicates that the Peach Orchard has access to the road, and neither party claims the existence of an implied easement by necessity in this case.

"imply" an easement that was not expressly reserved to Dr. Milligan in that agreed settlement. The relief sought would constitute a collateral attack on the prior decree. A court may not change the division of property made in the decree of divorce. *See* Tex. Family Code Ann. § 9.007 (West 1998). The trial court properly found, as a matter of law, that the easement claimed by Dr. Milligan was terminated by the final decree of divorce.[4] We overrule appellant's first point of error.

Having overruled the first point of error, we need not address appellant's remaining points.

## CONCLUSION

The trial court did not err in concluding that the agreed decree of divorce terminated Dr. Milligan's easement across Lot 13. We therefore affirm the trial court's judgment.

4. We decide this issue as a matter of law and do not consider the late-filed findings of fact and conclusions of law, which appellant concedes are not relevant to his argument on appeal.