*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00579-CV

**IN THE INTEREST OF E.H.G., III** and A.B.G., Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CI-16712
Honorable Martha Tanner, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:     Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice
             Marialyn Barnard, Justice

Delivered and Filed:   May 20, 2009

REVERSED AND REMANDED

Erubiel H. Garcia appeals an Order on Contempt with Findings of Fact and Conclusions of Law.  Although the order is entitled "Order on Contempt," the order does not find Erubiel in contempt.  Instead, the order finds that Erubiel was ordered to pay child support in a divorce decree signed on January 13, 2004.  The order also finds that Erubiel was in arrears in the amount of $7,410.36 on January 21, 2005.  In four issues on appeal, Erubiel asserts: (1) the decree ordered the payment of a debt, not child support, and contempt cannot be used to enforce a debt; (2) the decree did not contain a clear, specific, and unambiguous child support order; (3) Erubiel did not have proper notice of the contempt proceedings; and (4) the judgment does not conform with the

pleadings. In addition to addressing the merits of Erubiel's issues, the appellee, Delores Lopez,[1]

asserts that Erubiel's issues are barred by res judicata or are moot. We reverse the trial court's order

and remand the cause to the trial court for further proceedings.

BACKGROUND

Erubiel and Delores entered into an Agreement Incident to Divorce. Section 3.1 of the

Agreement, entitled "Child Support," provided as follows:

> The parties agree and stipulate that in lieu of child support to be paid by
> ERUBIEL H. GARCIA, beginning December 1, 2003, ERUBIEL H. GARCIA agrees
> to pay the monthly mortgage payments in the amount of $2,470.12 on the property
> located at 9510 Keith Anthony, Helotes, Texas. The parties stipulate and agree that
> this amount exceeds any amounts that ERUBIEL H. GARCIA would be required to
> pay by the Court and exceeds the applicable child support guideline amount of child
> support. DELORES GARCIA shall be responsible for payment of any increase in
> the monthly mortgage payment in excess of $2,470.12, whether such increase is the
> result of increased insurance or ad valorem taxes. The parties agree that DELORES
> GARCIA will not file or cause to be filed any proceeding the purpose of which is, in
> whole or in part, to obtain child support from ERUBIEL H. GARCIA. The parties
> agree and stipulate that DELORES GARCIA may file, prosecute and participate in
> a proceeding to establish and enforce child support in the event that the mortgage
> payments in the amount specified herein in Section H-1 on 9510 Keith Anthony,
> Helotes, Texas are not made by ERUBIEL H. GARCIA for the period of time
> commencing any month in which ERUBIEL H. GARCIA does not pay the full
> amounts required to satisfy the obligation to pay the monthly installments for the
> property as specified in Section H-1 herein. Any such action to enforce child support
> payment under the state guidelines shall not effect the enforceability of this
> contractual provision relating to payment of the $2,470.12 monthly mortgage
> payment but the child support will be credited on this obligation.

Section H-1 of the Agreement referred to Erubiel's obligation to pay the current monthly

mortgage payment in the amount of $2,470.12 until the month following A.B.G.'s graduation from

high school. Section H-1 further provided, "This debt is paid in lieu of child support."

---

[1]Although it appears that appellee spells her name "Dolores," we will use the spelling used in the divorce decree
in this opinion to avoid confusion.

After providing that the periodic mortgage payments in lieu of child support would end when the last child graduates high school, marries, dies, or has the child's disabilities removed, the Agreement stated:

> In the event DELORES GARCIA sells the property located at 9510 Keith Anthony, Helotes, Texas prior to the month following [A.B.G.]'s graduation from high school, the parties hereto agree that ERUBIEL H. GARCIA's child support obligation shall be calculated for any remaining years of obligation based upon the then current child support guidelines established by the Legislature and/or Attorney General.

In the Final Decree of Divorce signed on January 13, 2004, the trial court incorporated the terms of the Agreement into the decree by reference. The section of the decree entitled "Child Support" provided as follows:

> The Court finds that as part of the partition agreement the parties have divided responsibility for payment of debt, that as part of that agreement ERUBIEL H. GARCIA is making the mortgage payment on the residence occupied by DELORES GARCIA which payment equals or exceeds the amount required to be paid as child support and exceeds the amount required to be paid pursuant to the child support guidelines. It is accordingly ordered that no child support nor medical support shall be paid by ERUBIEL H. GARCIA so long as he pays the mortgage of $2,470.12 per month to the present holder of such debt, GMAC Mortgage Company.

On January 10, 2005, Delores filed a motion for enforcement of child support order alleging that Erubiel was in contempt of court for failing to pay child support in the amount of $2,470.12 for November of 2004, December of 2004, and January of 2005. The motion requests the Erubiel be held in contempt of court. The motion states that the total arrearage at the time of filing was $7,410.36.

On January 12, 2005, Erubiel filed a motion to modify the parent-child relationship. The motion asserts, "The circumstances of the children or a person affected by the order have materially

and substantially changed since the rendition of the order to be modified, and the support payments previously ordered should be decreased."

A hearing was held on January 21, 2005, before the Honorable Martha Tanner. During the hearing, the following exchange occurred:

Q.    Okay. Now, Mr. Garcia, you agreed that this child support – that this mortgage would be child support and that it can be enforced by contempt, correct?

A.    Well, I agreed to it, but it was something that I didn't want to agree to it because I didn't feel if was – you know, I had told Ms. Garcia that, you know, I don't think I could have done it. You know, I don't think I could make it.

[Delores's attorney then begins reading from the provision of the Agreement entitled "Child Support," and Erubiel's attorney stated that they stipulated to the language in the divorce decree.]

Q.    Okay. So you agree that the mortgage payments were enforceable as your child support payment, correct?

A.    Yes.

At the conclusion of the hearing, the trial court stated, "I'm going to find that Mr. Garcia is in contempt and in arrears in the sum of $7,410.36. And I'm going to award – give him 90 days in the Bexar County Jail or until the sum of $7,410.36 is paid, plus the attorney's fees of $2,016, which will also be awarded." At a later hearing, Delores's attorney stated that no order was signed reflecting Judge Tanner's ruling at the January 21, 2005 hearing because Erubiel delivered a check for the total amount of the arrearage.

On both January 31, 2005 and February 10, 2005, Erubiel filed a motion for temporary orders stating, "Due to a change in circumstances, child support must be modified." On February 14, 2005,

Delores filed a response requesting that the temporary orders be denied because the relief requested in the motion was for final orders not temporary orders.[2]

On February 18, 2005, Erubiel filed a motion for new trial based on the trial court's verbal ruling on January 21, 2005. The motion asserts, "[d]enominating mortgage payments as child support is in excess of the statutory authority of any judge."

On March 4, 2005, Delores filed another motion for enforcement of child support, alleging that Erubiel was in contempt of court for failing to pay child support in the amount of $2,470.12 for February of 2005 and March of 2005. The motion states that the total arrearage at the time of filing was $4,940.24. A hearing on the motion was set for April 5, 2005. When Erubiel failed to appear for the hearing, a capias was issued for his arrest.

On May 16, 2005, Delores filed an answer to the motion to modify that Erubiel filed on January 12, 2005. She also filed a counterpetition to modify, requesting that the child support be paid directly to Delores instead of the mortgage company because the residence had been sold; however, the counterpetition requests that the amount of the child support remain unchanged.

On May 24, 2005, the Honorable Michael Peden signed an order finding the requested modification was in the best interest of the children.[3] The trial court granted the modification and

---

[2]In her brief, Delores refers to a hearing on the temporary orders before the Honorable Joe Frazier Brown at which she contends Judge Brown denied the request to temporarily reduce the amount of the child support. The only record citation provided in the brief; however, is a citation to a docket sheet entry. Docket sheet entries are not part of the record to be considered on appeal. *Nelson v. Britt*, 241 S.W.3d 672, 675 n.1 (Tex. App.—Dallas 2007, no pet.); *see also Palacios v. State*, No. 04-03-00492-CR, 2005 WL 2085268, at *1 n.2 (Tex. App.—San Antonio Aug. 31, 2005, no pet.) (not designated for publication).

[3]The order stated that Erubiel appeared in person and through an attorney of record and that Delores failed to appear and made default. From other record evidence, this recitation appears to be erroneous and the opposite actually occurred. In fact, the record contains a letter from Erubiel's attorney acknowledging that Delores's attorney called him from the courthouse. In the letter, Erubiel's attorney stated that he could not locate the notice of hearing. Erubiel's attorney further stated that Delores's attorney represented that "the purpose of the hearing was simply to change the

ordered Erubiel to pay Delores child support in the amount of $2,470.12. The order obligated Erubiel to pay Delores each month "with the first payment being due and payable on June 1, 2004."

On June 30, 2005, the Honorable Martha Tanner signed an order setting aside the April 5, 2005, capias. The trial court found that the capias was improvidently issued because Erubiel had a bankruptcy pending in bankruptcy court on that date.

On April 6, 2006, the Office of the Attorney General filed a motion for enforcement of child support order. The motion refers to the order of May 24, 2005, that required Erubiel to pay child support in the amount of $2,470.12 each month beginning June 1, 2004. The motion alleges that Erubiel had failed to pay child support since June 1, 2004. The motion asserts that the total arrearage as of March 21, 2006, was $35,396.81.

On June 7, 2006, Erubiel filed a petition to modify asserting that the child support payments were not in compliance with the child support guidelines. The petition requests that the support payments be decreased.

On June 15, 2006, Associate Judge James Rausch signed an order enforcing the child support obligation in response to the motion filed by the Office of the Attorney General. The order was approved and adopted by the Honorable Joe Frazier Brown on June 19, 2006. The order finds that Erubiel was ordered to pay child support in the final divorce decree and in the trial court's order dated May 24, 2005. The order finds Erubiel in arrears in the amount of $40,658.57, and renders judgment against him in that amount. The order also finds Erubiel in contempt and orders him confined until he pays $19,500 in arrearages.

---

address of the place to send child support payments" and he "agreed to that change."

On June 16, 2006, the trial court signed a Conditional Release and Reset Order, noting Erubiel had paid $19,000. Erubiel was ordered to appear before the court on August 2, 2006. The August 2, 2006, hearing was subsequently reset for November 1, 2006.

On September 19, 2006, Erubiel nonsuited his June 7, 2006, motion to modify. On September 20, 2006, Erubiel filed a petition for bill of review challenging the trial court's May 24, 2005 order. The order setting the enforcement cause for November 1, 2006, was reset to allow the bill of review to be heard. The bill of review was heard on December 13, 2006, and the trial court took the matter under advisement.

On January 5, 2007, Erubiel filed a petition to modify asserting that child support was not established in the final decree, and the May 24, 2005 order was void. The petition requests that child support be set in accordance with the child support guidelines.

On January 9, 2007, the trial court signed an order denying the bill of review. The trial court entered findings of fact and conclusions of law primarily basing its ruling on Erubiel's failure to file a motion for new trial or appeal challenging the May 24, 2005 order. Erubiel appealed the denial of the bill of review, and this court affirmed the trial court's order, holding Erubiel "did not establish that he exercised due diligence to prosecute all adequate legal remedies against the May 24, 2005, order." *In re A.G.G.*, 267 S.W.3d 165 (Tex. App.—San Antonio 2008, pet. denied).

On January 18, 2007, Erubiel filed a motion to vacate the June 15, 2006 order. One of the grounds asserted in the motion was that the decree did not contain a child support provision and the May 24, 2005 order was void.

On January 24, 2007, a hearing was held on Erubiel's petition to modify. At the conclusion of the hearing, the trial court reduced the child support to $1,200 per month.

On April 10, 2007, a hearing was held on a motion to enter an order based on the January 21, 2005 hearing. The trial court took the matter under advisement. On April 25, 2007, the parties appeared before the court on a motion to sign order. At the hearing, the trial court signed an order finding that the divorce decree required Erubiel to pay $2,470.12 in child support each month and that Erubiel was in arrears on January 21, 2005, in the amount of $7,410.26.

Erubiel filed a notice of appeal seeking to appeal the trial court's April 10, 2007 order based on the January 21, 2005 hearing.

## DISCUSSION

A.      Jurisdiction

A contempt order is not reviewable by appeal. *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985). A contempt order may be attacked by a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved). *In re Office of Atty. Gen. of Tex.*, 215 S.W.3d 913, 916 (Tex. App.—Forth Worth 2007, orig. proceeding). If a motion to enforce includes a request for both a contempt finding and a money judgment for child support arrearage, an appellate court has jurisdiction to address the arrearage judgment because it is unrelated to the contempt order. *See In re Office of Atty. Gen. of Tex.*, 215 S.W.3d at 916; *see also Pedregon v. Pedregon*, No. 08-05-00236-CV, 2005 WL 2593660, at *1 (Tex. App.—El Paso Oct. 13, 2005, no pet.) (mem. op.).

Although the order being appealed in the instant case is entitled Order on Contempt with Findings of Fact and Conclusions of Law, the order itself does not contain any contempt findings or contempt orders. Instead, the order finds the provision in the divorce decree related to the

mortgage payment is enforceable as child support and awards an arrearage judgment. Therefore, the order itself is appealable.

Although the order itself does not present any jurisdictional problems, several of the issues raised in Erubiel's brief relate to a contempt finding or order. Specifically, Erubiel's second issue asserts that no clear, specific, and unambiguous order was contained in the decree that could be enforced by contempt. Such an issue, however, relates to a contempt finding which we do not have jurisdiction to consider. *See Norman*, 692 S.W.2d at 655; *In re Office of Atty. Gen. of Tex.*, 215 S.W.3d at 915-16.

Similarly, in Erubiel's third issue he asserts that he was not afforded proper due process because he had the "right to reasonable notice of each alleged contumacious act." Erubiel further asserts, "Texas courts have been very strict in requiring that proper notice be given before a person may be held in contempt for actions done outside the presence of the court." Because Erubiel's argument relates to the notice that must be afforded before a person can be held in contempt of court, this issue also relates to a contempt finding which we do not have jurisdiction to consider.

Although Erubiel's first issue is also couched in terms of using contempt to enforce a debt or to alter a decree, the argument in this section of the brief focuses on whether the trial court erred in altering the decree by finding that the provision in the decree requiring Erubiel to pay the mortgage payment was child support. This also is the crux of Erubiel's fourth issue although couched in terms of whether the pleadings support the order. The trial court's finding that the provision in the divorce decree ordered the payment of child support was a prerequisite to both a contempt finding and the arrearage judgment; therefore, this finding is appealable and is the sole issue that this court has jurisdiction to address. *See In re Office of Atty. Gen. of Tex.*, 215 S.W.3d

at 916; *see also Pedregon*, 2005 WL 2593660, at *1. All other issues raised in Erubiel's brief are dismissed.

B.      Res Judicata

In her brief and in a separate motion to dismiss this appeal, Delores asserts that the issues raised on appeal are barred by res judicata. Res judicata, however, is an affirmative defense which the proponent has the burden to plead and prove and which cannot be raised for the first time on appeal. *See Worldpeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451, 458-59 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Gregory v. Smith*, 395 S.W.2d 921, 922 (Tex. App.—Waco 1965, writ ref'd n.r.e.). Because Delores raises res judicata for the first time on appeal, she has waived it. Even if Delores had raised res judicata in the trial court, we note that the order in question was based on a ruling made in 2005 and was the first ruling by a trial court that the provision in the divorce decree was enforceable as child support.

From her motion and brief, it appears that Delores may have intended to argue the applicability of the "law of the case" doctrine rather than res judicata. Under the law of the case doctrine, a court of appeals is ordinarily bound by its initial decision if there is a subsequent appeal in the same case. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). Applying the doctrine, questions of law decided on appeal to a court of last resort govern the case throughout its subsequent stages. *Id*. A decision on an issue by an appellate court, however, does not absolutely bar its re-consideration on a second appeal, and the application of the doctrine lies within the discretion of the court. *Id*.

In the prior appeal arising from the underlying divorce decree, this court held that the trial court did not err in denying a bill of review seeking to challenge the trial court's May 24, 2005 order

because Erubiel failed to exercise due diligence to prosecute all adequate legal remedies. *In re A.G.G.*, 267 S.W.3d at 168. The only issue this court has jurisdiction to consider in this appeal is whether the trial court erred in determining that the provision in the divorce decree relating to the mortgage payment was enforceable as child support. This issue was not previously decided in the earlier appeal; therefore, the law of the case doctrine does not apply.

Delores's motion to dismiss based on res judicata is denied.

C.      Mortgage Payment as Child Support

The only motion pending before the trial court on January 10, 2005, and the basis for the order the trial court subsequently signed on April 25, 2007, was Delores's motion to enforce. In addition to seeking to enforce a decree, a party may also seek to clarify a decree. *See* TEX. FAM. CODE ANN. §§ 9.008, 157.421 (Vernon 2006 & 2008). A trial court may not, however, change the substantive provisions of a decree in either a clarification order or an enforcement order. *See* TEX. FAM. CODE ANN. §§ 9.007, 157.423 (Vernon 2006 & 2008). An attempt to impose a specific obligation to pay where no such obligation previously existed is an unauthorized substantive change. *In re Marriage of Ward*, 137 S.W.3d 910, 914 (Tex. App.—Texarkana 2004, no pet.). Any clarification or enforcement order that substantively changes a decree is not enforceable and is void. *See* TEX. FAM. CODE ANN. §§ 9.007, 157.423 (Vernon 2006 & 2008); *Whitmire v. Lilly*, No. 14-07-00993-CV, 2008 WL 4308557, at *2 (Tex. App.—Houston [14th Dist.] Aug. 28, 2008, no pet.) (mem. op.); *DeGroot v. DeGroot*, 260 S.W.3d 658, 664 (Tex. App.—Dallas 2008, no pet.); *Cisneros v. Cisneros*, No. 13-00-187-CV, 2004 WL 210704 (Tex. App.—Corpus Christi 2004, no pet.) (mem. op.). In general, we review a trial court's ruling on a post-divorce motion for enforcement or clarification of a divorce decree under an abuse-of-discretion standard. *Gainous v.*

*Gainous*, 219 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *In re Marriage of McDonald*, 118 S.W.3d 829, 832 (Tex. App.—Texarkana 2003, pet. denied).

In this case, Erubiel contends that the trial court substantively changed the decree by finding that the decree's requirement that he pay the mortgage payments was enforceable as child support. In order to determine if a substantive change was made, we must interpret the decree.

When interpreting a divorce decree, we apply the general rules regarding the construction of judgments. *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003). Judgments should be construed as a whole to harmonize and give effect to the entire decree. *Id*. If the decree, when read as a whole is unambiguous, the court must effectuate the decree in the light of the literal language used. *Id*. If the decree is ambiguous – that is, subject to more than one interpretation – the court should review the record along with the decree to aid in interpreting the judgment. *Id*. As with other written instruments, whether a divorce decree is ambiguous is a question of law. *Id*.

In this case, the divorce decree was an agreed decree based on the parties' Agreement Incident to Divorce which was incorporated into the decree by reference. Similar to the general rules applied in interpreting a divorce decree, we utilize rules relating to the construction of contracts when interpreting an agreed decree which require us to look to the intentions of the parties as manifested in the written agreement. *Milligan v. Niebuhr*, 990 S.W.2d 823, 825 (Tex. App.—Austin 1999, no pet.); *McPherren v. McPherren*, 967 S.W.2d 485, 490 (Tex. App.—El Paso 1998, no pet.). If a written agreement is worded so that it can be given a certain or definite meaning, it is unambiguous. *Milligan*, 990 S.W.2d at 825; *McPherren*, 967 S.W.2d at 490. The interpretation of an unambiguous contract is a question of law to be determined by the court. *Milligan*, 990 S.W.2d at 825.

As previously noted, the Agreement Incident to Divorce provided:

> The parties agree and stipulate that in lieu of child support to be paid by ERUBIEL H. GARCIA, beginning December 1, 2003, ERUBIEL H. GARCIA agrees to pay the monthly mortgage payments in the amount of $2,470.12 on the property located at 9510 Keith Anthony, Helotes, Texas. The parties stipulate and agree that this amount exceeds any amounts that ERUBIEL H. GARCIA would be required to pay by the Court and exceeds the applicable child support guideline amount of child support. DELORES GARCIA shall be responsible for payment of any increase in the monthly mortgage payment in excess of $2,470.12, whether such increase is the result of increased insurance or ad valorem taxes. The parties agree that DELORES GARCIA will not file or cause to be filed any proceeding the purpose of which is, in whole or in part, to obtain child support from ERUBIEL H. GARCIA. The parties agree and stipulate that DELORES GARCIA may file, prosecute and participate in a proceeding to establish and enforce child support in the event that the mortgage payments in the amount specified herein in Section H-1 on 9510 Keith Anthony, Helotes, Texas are not made by ERUBIEL H. GARCIA for the period of time commencing any month in which ERUBIEL H. GARCIA does not pay the full amounts required to satisfy the obligation to pay the monthly installments for the property as specified in Section H-1 herein. Any such action to enforce child support payment under the state guidelines shall not effect the enforceability of this contractual provision relating to payment of the $2,470.12 monthly mortgage payment but the child support will be credited on this obligation.
>
> *****
>
> In the event DELORES GARCIA sells the property located at 9510 Keith Anthony, Helotes, Texas prior to the month following [A.B.G.]'s graduation from high school, the parties hereto agree that ERUBIEL H. GARCIA's child support obligation shall be calculated for any remaining years of obligation based upon the then current child support guidelines established by the Legislature and/or Attorney General.

In addition, the divorce decree provided:

> The Court finds that as part of the partition agreement the parties have divided responsibility for payment of debt, that as part of that agreement ERUBIEL H. GARCIA is making the mortgage payment on the residence occupied by DELORES GARCIA which payment equals or exceeds the amount required to be paid as child support and exceeds the amount required to be paid pursuant to the child support guidelines. It is accordingly ordered that no child support nor medical support shall be paid by ERUBIEL H. GARCIA so long as he pays the mortgage of $2,470.12 per month to the present holder of such debt, GMAC Mortgage Company.

Both the Agreement and the decree unambiguously provide that no child support will be paid because Erubiel agreed to pay the mortgage payments. In the event Erubiel failed to pay the mortgage payments, the Agreement unambiguously required Delores to return to court and seek a modification of the decree that would require Erubiel to pay child support in accordance with the guidelines. Moreover, if Delores sought a modification to establish child support because the house was sold, the Agreement unambiguously required that such child support would be in accordance with the child support guidelines. Accordingly, the trial court's order resulted in a substantive change to the decree making it unenforceable and void.[4]

D.    Judicial Admission

Delores argues that Erubiel judicially admitted that the mortgage payments payable under the decree were child support. Delores refers to Erubiel's testimony during the January 21, 2005 hearing, and to Erubiel's subsequent pleadings seeking a reduction in child support.

Delores's contention that Erubiel's testimony constituted a judicial admission is flawed for two reasons. First, Erubiel's testimony is not a judicial admission; it is a quasi-judicial admission. *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980); *Laredo Medical Group Corp. v. Mireles*, 155 S.W.3d 417, 429 (Tex. App.—San Antonio 2004, pet. denied). Quasi-judicial admissions are merely some evidence and are not conclusive upon the party testifying. *Mendoza*, 606 S.W.2d at 694; *Mireles*, 155 S.W.3d at 429. Second, in order to rise to the level of a judicial admission, Erubiel's testimony would have to be a clear, deliberate, and unequivocal

---

[4]Although Erubiel requests that we determine that all subsequent orders relating to chid support after the January 21, 2005 hearing are void, those orders are not before us in this appeal so we express no opinion regarding those orders. We do note, however, that the motion pending at the May 24, 2005 hearing was a motion to modify, not a motion to enforce or clarify, and that Erubiel was ordered to pay monthly child support payments "with the first payment being due and payable on June 1, 2004.". *See* TEX. FAM. CODE ANN. § 156.401 (Vernon 2008); *In re V.M.P.*, 185 S.W.3d 531, 534-35 (Tex. App.—Texarkana 2006, no pet.).

statement of fact. *Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga, Inc.*, 936 S.W.2d 275, 278 (Tex. 1996); *Mireles*, 155 S.W.3d at 429. Erubiel's testimony regarding his subjective belief about his interpretation of the decree or the Agreement would not constitute a judicial admission for two reasons. First, it is not a statement of fact but his personal subjective belief. *Mireles*, 155 S.W.3d at 429. Second, the interpretation of the decree and the Agreement is a question of law not a question of fact. *Shanks*, 110 S.W.3d at 447.

Delores also relies on Erubiel's pleadings requesting a decrease in child support as a judicial admission that the provision in the decree requiring him to pay the mortgage payments was child support. We disagree, however, that Erubiel's pleadings contain clear, deliberate, and unequivocal statements of fact. *Regency Advantage Ltd. P'ship*, 936 S.W.2d at 278. Most of Erubiel's pleadings were based on findings the trial court made with regard to the mortgage payments constituting child support and to which Erubiel was responding. In the numerous pleadings that were filed, Erubiel clearly contests the trial court's finding that the decree provided for child support; however, he takes the alternative position that if child support is ordered to be paid, that child support must be in accordance with the child support guidelines. Even if the pleadings are construed as containing statements of fact by Erubiel rather than references to the trial court's findings, assertions of fact pled in the alternative are not judicial admissions. *Hughes Wood Products, Inc. v. Wagner*, 18 S.W.3d 202, 207-08 (Tex. 2000). Accordingly, we conclude that the alternative assertions Erubiel makes in his various pleadings are not judicial admissions.

E.      Moot

Delores asserts in her brief that Erubiel waived the issue of the "characterization of the mortgage payment" by presenting it for the first time on appeal. The reporter's record from the

hearing on the motion to enter and the motion for new trial, however, reveal that the arguments being made on appeal were presented to the trial court.

Delores next asserts that Erubiel waived his complaint on appeal by paying the monies owed. "The Texas rule is not, and never has been, simply that any payment toward satisfying a judgment, including a voluntary one, moots the controversy and waives the right to appeal the judgment. *Miga v. Jensen*, 96 S.W.3d 207, 211 (Tex. 2002). In *Miga*, the Texas Supreme Court noted that such a payment would not moot an appeal where the payment is made under economic duress implied by the threat of statutory penalties and accruing interest. 96 S.W.3d at 211-12. In this case, Erubiel paid the monies ordered to avoid being placed in jail for contempt. Under these circumstances, we cannot conclude that his payment makes his appeal moot. *See id.*; *see also Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642-43 (Tex. 2005) (noting dispute involving recovery of attorney's fees is a live controversy preventing appeal from becoming moot).

## CONCLUSION

The trial court's order is reversed, and the cause is remanded to the trial court for further proceedings.

Marialyn Barnard, Justice