**Jamie Elizabeth KEE, Appellant,**

v.

**Roy Brian KEE, Appellee.**

**No. 05–08–00013–CV.**

Court of Appeals of Texas, Dallas.

Feb. 4, 2010.

Charles F. Holmans, III, Southlake, for appellant.

Michelle May O'Neil, O'Neil Anderson, Dallas, Jeffrey Owen Anderson, Addison, for appellee.

Before Justices MORRIS, O'NEILL, and FILLMORE.

## OPINION

Opinion by Justice O'NEILL.

Jamie Elizabeth Kee (Wife) appeals from the trial court's order terminating a writ of withholding income for alimony. In three issues, Wife contends generally that the trial court erred in terminating the writ of withholding income for alimony because (1) it is a debt only to the extent it exceeded the legal duty of Roy Brian Kee (Husband) to support a disabled spouse and (2) there is no evidence to support the implied finding that the alimony payments exceeded twenty percent of Husband's net resources. We overrule Wife's issues and affirm the trial court's order.

On June 2, 2005, Husband and Wife entered into a Partition or Exchange Agreement. That Agreement included a provision that, if the parties separated, Husband would provide monthly financial support for Wife and their two children in the amount of $3,400. The Agreement also provided that Husband would pay alimony in accordance with the support provision if the parties divorced. The parties were divorced on January 5, 2006. The divorce decree ordered Husband to pay child support and alimony for a combined total of $3,400.

On September 7, 2006, Wife filed a notice of application for writ of withholding with regard to the alimony payments. The writ of withholding issued and Husband moved to abate it. The associate judge denied the motion to abate, and Husband appealed that ruling to the district court. The trial court terminated the writ of withholding. This appeal timely followed.

■ Whether a trial court may order income withholding for alimony payments is a question of law. We review questions of law de novo. *Subaru of Am. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 222 (Tex.2002). When performing a de novo review, we exercise our own judgment and redetermine each legal issue. *Quick v. City of Austin,* 7 S.W.3d 109, 116 (Tex. 1998).

In her first and second issues, Wife contends that Husband had a legal duty to support her in addition to his contractual obligation to do so. The issue in this case turns on whether the alimony payments were ordered pursuant to chapter eight of the family code. *See* TEX. FAM.CODE ANN. § 8.051 (Vernon 2006). A trial court may order spousal maintenance under chapter eight under certain circumstances such as when the parties have been married for at least ten years and one spouse is unable to support himself or herself due to a physical or mental disability. *See* TEX. FAM. CODE ANN. § 8.051(2)(A). Chapter eight sets forth numerous factors for a trial court to consider in determining spousal maintenance. *See* TEX. FAM.CODE ANN. § 8.052. Moreover, spousal maintenance under chapter eight must be of limited duration and must terminate on remarriage. *See* TEX. FAM.CODE ANN. §§ 8.054, 8.056. Chapter eight also provides for income withholding for spousal maintenance payments ordered thereunder. *See* TEX. FAM.CODE ANN. § 8.101.

At the hearing on the motion to abate the writ of withholding income for alimony, the trial court determined that the alimony payments under the divorce decree were not ordered pursuant to chapter eight. In the final divorce decree, the parties stipulated that it was a contract. The parties'

Agreement was incorporated into the divorce decree.

With respect to alimony, the parties' Agreement stated as follows:

8.2 Support if the Parties are Separated

During any separation prior to the entry of a Decree of Divorce, Roy Brian Kee agrees to contribute $3,400.00 per month in two (2) equal payments of $1,700.00 on the 15th and 30th of each month beginning when this agreement is signed; these payments will be increased by [an] amount of five-tenths of one percent (.5%) each year; these payments are to be directly deposited in Jamie Elizabeth Kee's bank account; and will continue for a period of seventeen (17) years beginning on the date this agreement is signed.

\* \* \*

11.5 Alimony

When a Decree of Divorce is entered between the parties, the parties agree that the Decree of Divorce will require Roy Brian Kee will [sic] pay Jamie Elizabeth Kee alimony in accordance with paragraph 8.2 of this agreement; the terms of which will be the remaining portion of the sums agreed in paragraph 8.2.

The decree of divorce awarded alimony as follows:

Alimony

The Court finds that under the circumstances presented in this case, JAMIE ELIZABETH KEE is eligible for maintenance under the provisions of [the] Texas Family Code and the contractual agreement of the parties; and that this alimony obligation is contractual as well as statutory.

Accordingly, ROY BRIAN KEE IS ORDERED to pay as maintenance the following sums per month to JAMIE ELIZABETH KEE, in two equal payments of one-half of the monthly amount, with the first payment being due on the 15th day of January, 2006, and a like amount being due on the 1st and 15th days of each consecutive month thereafter until the earliest of one of the following events occurs:

1. June 2, 2022; or

2. death of either JAMIE ELIZABETH KEE or ROY BRIAN KEE.

Payment shall be made by ROY BRIAN KEE directly to JAMIE ELIZABETH KEE by cash, cashier's check, or money order at the last known address provided to ROY BRIAN KEE by JAMIE ELIZABETH KEE.

IT IS ORDERED AND DECREED that JAMIE ELIZABETH KEE shall include the amounts paid to her as alimony by ROY BRIAN KEE in accordance with this decree in her gross income for Federal Income Tax purposes as periodic payments within the meaning of section 71 of the Internal Revenue Code of 1954, as amended.

IT IS ORDERED that the amount of alimony payments shall be equal to $1,900.00 per month; increased by the amount of any reduction of child support so that the amount of spousal and child support equals to $3,400.00 per month plus a further increase of five tenths of one percent (.5%) annually (of the base amount of $3,400.00) on the anniversary of the signing of the Agreement on June 2, 2005.

In their Agreement, the parties agreed to a total support for Wife and the two children of $3,400. The divorce decree ordered that exact amount of support.

■ Chapter eight does not apply to an alimony provision in a divorce decree that restates a parties' contractual agreement for alimony. *See McCollough v. McCol-*

*lough,* 212 S.W.3d 638, 648 (Tex.App.-Austin 2006, no pet.). In *McCollough,* the husband sought to modify an alimony provision in a divorce decree. He argued that modification was permissible under chapter eight. *Id.* at 640. Wife obtained summary judgment on the ground that chapter eight did not apply to the alimony provision because it was based on a contract between the parties. *Id.* The court of appeals noted that the decree did not contain any reference to chapter eight of the family code. *Id.* at 646. Also, the agreed-to alimony was in violation of chapter eight because it allowed for payments for over ten years and the payments were greater than allowed under chapter eight. The court concluded that, under those circumstances, the parties created a contractual alimony obligation that is permitted outside of the context of chapter eight. *Id.* As such, the court concluded, the alimony provision is governed by contract law and not chapter eight of the family code. *Id.* at 648.

■ We agree with the court's analysis in *McCollough* and apply it to the facts of this case. As in *McCollough,* the alimony provision in the divorce decree was consistent with the parties' Agreement. In the parties' 2005 Agreement, Husband agreed to provide support to his family in the amount of $3,400 monthly if the parties separated. Husband further agreed in the Agreement to continue that support upon divorce. The trial court set child support at $1,500 per month. Alimony payments were set at $1,900. Together, those two amounts equal $3,400, the amount of support the parties contractually agreed to. Moreover, the decree provided that the alimony payments would continue not in accordance with the limitations of chapter eight, but pursuant to the terms in the parties' Agreement.

Although there is a general reference to the family code in the decree's alimony provision, there is no specific reference to chapter eight which contains the requirements for spousal maintenance.[1] There is no finding in the decree that Wife was disabled or lacked sufficient earning capacity. Although Husband does not contest the assertion in Wife's appellate brief that she is physically disabled, there is nothing in the record before this Court to support that assertion. The decree failed to set forth any of the criteria of chapter eight and failed to follow that chapter's guidelines with respect to the amount of support and the duration of the support payments. As in *McCollough,* the spousal support provision in the divorce decree in this case falls outside of chapter eight and does not create a legal duty under chapter eight on the part of Husband to support Wife.

We have concluded that the alimony provision in the parties' divorce decree is not a legal duty arising under chapter eight. The supreme court has held that a court order to pay spousal support is unenforceable by contempt if it merely "restates a private debt rather than a legal duty imposed by Texas law." *In re Green,* 221 S.W.3d 645, 646 (Tex.2007). In *Green,* the wife sought enforcement of the contractual spousal support provisions referenced in the divorce decree. *Id.* at 646. The trial court ordered the husband confined to jail until he paid the spousal support arrearage. *Id.* at 647. The supreme court held that failure to pay a private alimony debt is not contempt punishable by incarceration. *Id.* A legal obligation to support a spouse is enforceable by contempt, but a promise to pay contractual

---

1. The general reference to the family code in the divorce decree could have been to section 7.006. *See* TEX. FAM.CODE ANN. § 7.006 (Vernon 2006). That section provides that spouses may enter into an agreement incident to divorce that provides for the maintenance of either spouse.

alimony creates nothing more than a debt. *Id.* at 648.

As in *Green,* the alimony provision in this case is nothing more than a debt. Husband did not have a legal duty under chapter eight of the family code to support Wife. The parties' Agreement did not provide for enforcement by income withholding. Accordingly, such remedy is not available to Wife. We overrule Wife's first two issues.

In her third issue, Wife contends there is no evidence to support the trial court's implied finding that the amount of alimony awarded in the decree exceeded twenty percent of Husband's net resources. Wife cites to the trial court's statement at the hearing that the court could not have ordered the amount of alimony that Husband agreed to pay. In light of our holding that the alimony provision is strictly contractual, the parties were not restricted to the amount set forth in the family code. Accordingly, we overrule Wife's third issue.

We affirm the trial court's order.