Steven Clark HELLER, Appellant,

v.

Desiree Cheyenne HELLER, Appellee.

No. 09–11–00551–CV.

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 18, 2012.

Decided Feb. 2, 2012.

Sally A. Jones, Elliott, Heinlein & Jones, P.C., Crosby, for appellant.

Desiree Cheyenne Heller, Cleveland, pro se.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

In a final divorce decree, Steven Clark Heller agreed to pay contractual alimony to Desiree Cheyenne Heller. When Steven failed to make payments, Desiree sought a wage withholding order. Steven filed a motion to stay issuance of the order. The trial court denied Steven's motion and entered a wage withholding order. In his sole appellate issue, Steven contends that the trial court erred by ordering income withholding for contractual alimony. We reverse the trial court's order of wage withholding.

■ The Texas Constitution provides that current wages for personal service are not subject to garnishment, except for the enforcement of court-ordered child support or spousal maintenance. Tex. Const. art. XVI, § 28. Likewise, section 8.101 of the Texas Family Code allows a trial court to order income withholding to enforce spousal maintenance. Tex. Fam.Code Ann. § 8.101 (West 2006). The Family Code allows a trial court to enter a wage withholding order to enforce either spousal maintenance or contractual alimony if the contract permits income withholding or if payments are not timely made under the contract's terms. *Id.* § 8.101(b). Whether a trial court may order income withholding for alimony payments is a question of law that we review *de novo. Kee v. Kee,* 307 S.W.3d 812, 813 (Tex.App.-Dallas 2010, pet. denied).

■ A traditional alimony agreement constitutes a promise to "'pay money to balance the property division and minimize taxes, without regard to the spouse's ability to be self-supporting[.]' " *In re Green,* 221 S.W.3d 645, 648 (Tex.2007) (quoting 3 John D. Montgomery et al., Texas Family Law Practice & Procedure § N3.03[1] (2006)). Alimony agreements are enforceable as contracts and are governed by contract law. *McCollough v. McCollough,* 212 S.W.3d 638, 642 (Tex.App.-Austin 2006, no pet.). A person may contract to support his spouse and children, and that obligation, to the extent it exceeds his legal duty, is a debt. *Ex parte Hall,* 854 S.W.2d 656, 658 (Tex.1993).

■ Conversely, spousal maintenance constitutes an award of "periodic payments from the future income of one spouse for the support of the other spouse." Tex. Fam.Code Ann. § 8.001(1) (West 2006). According to the law in effect at the time the trial court entered the decree in this case, a trial court could order spousal maintenance only if (1) the spouse from whom maintenance is sought has committed a recent act of family violence, or (2) the marriage lasted at least ten years and the receiving spouse cannot support him-

self or herself due to disability, is the full-time custodian of a disabled child of the marriage, or clearly lacks the earning ability to provide support for the spouse's minimum reasonable needs. *Green,* 221 S.W.3d at 647; Act of May 25, 2005, 79th Leg., R.S., ch. 914, § 1, 2005 Tex. Gen. Laws 3146 (amended 2011) (current version at Tex. Fam.Code Ann. § 8.051 (West Supp. 2011)).

■■ Except in cases of disability, a trial court must limit the duration of spousal maintenance. Act of May 22, 2001, 77th Leg., R.S., ch. 807, § 1, 2001 Tex. Gen. Laws 1574, 1576–77, *amended by* Act of May 25, 2005, 79th Leg., R.S., ch. 914, § 3, 2005 Tex. Gen. Laws 3146, 3147 (amended 2011) (current version at Tex. Fam.Code Ann. § 8.054(a) (West Supp. 2011)). The obligation terminates on either party's death or the obligee's remarriage, and payments cannot exceed $2,500 per month or 20% of the spouse's average monthly gross income. Act of May 22, 2001, 77th Leg., R.S., ch. 807, § 1, 2001 Tex. Gen. Laws 1574, 1577 (amended 2011) (current versions at Tex. Fam.Code Ann. §§ 8.055(a), 8.056(a) (West Supp. 2011)). The obligation imposed on spouses to support one another is not a "debt," but a legal duty arising out of the status of the parties. *Hall,* 854 S.W.2d at 658.

Steven contends that the trial court improperly entered a wage withholding order because (1) contractual alimony is not subject to chapter 8 of the Family Code; and (2) section 8.101(b) of the Family Code violates and conflicts with article XVI, section 28, of the Texas Constitution. Desiree contends that the alimony provision in the divorce decree constitutes a spousal maintenance award and that a wage withholding order is permitted to enforce the provision.

The alimony provision at issue states:

It is the mutual desire of the parties to provide a continuing measure of support for [Desiree].... These support payments undertaken by [Steven] ... are intended to qualify as contractual alimony as that term is defined in section 71(a) of the Internal Revenue Code ... and are intended to be includable in the gross income of [Desiree] ... and deductible by [Steven].... All provisions of this article will be interpreted in a manner consistent with that intention.

Steven agreed to pay $2,000 per month as alimony from May 1, 2009, through May 1, 2012, provided that all payments had been made. Alimony terminates upon Desiree's remarriage or the death of either party. The provision authorized Steven to deduct payments from Steven's federal income tax return.

■■ In some respects, this provision resembles spousal maintenance. *See* 2001 Tex. Gen. Laws at 1576–77; *see also* 2005 Tex. Gen. Laws at 3147. However, the record contains no evidence or findings to indicate Desiree's eligibility for spousal maintenance. *See* 2005 Tex. Gen. Laws 3146; *see also Green,* 221 S.W.3d at 647–48; *Kee,* 307 S.W.3d at 815; *In re Dupree,* 118 S.W.3d 911, 916 (Tex.App.-Dallas 2003, orig. proceeding). The record does not evidence the parties' intent to be governed by chapter 8, nor does the alimony provision in the decree order or command Steven to make alimony payments. *See Green,* 221 S.W.3d at 647; *see also McCollough,* 212 S.W.3d at 647–48; *Dupree,* 118 S.W.3d at 916. We conclude that the record reflects a traditional alimony promise, not a spousal maintenance award. *See Green,* 221 S.W.3d at 648; *see also Kee,* 307 S.W.3d at 815; *McCollough,* 212 S.W.3d at 648; *Dupree,* 118 S.W.3d at 915–16. A promise to pay contractual alimony creates nothing more than a debt, not a legal duty imposed by Texas law. *Green,* 221 S.W.3d at 648–49; *Kee,* 307 S.W.3d at 815–16.

Moreover, the garnishment of *current* wages violates the Texas Constitution. Tex. Const. art. XVI, § 28. Wages are no longer "current" when paid to and received by the wage-earner and, at that point, may be subject to garnishment. *Am. Express Travel Related Servs. v. Harris,* 831 S.W.2d 531, 532 (Tex.App.-Houston [14th Dist.] 1992, no pet.). In this case, the trial court's wage withholding order directs Steven's employer to withhold Steven's current wages. Accordingly, the order constitutes an illegal garnishment. *See Wood v. Wood,* 585 S.W.2d 761, 763 (Tex.Civ.App.-Houston [1st Dist.] 1979, writ dism'd w.o.j.).

Under the circumstances of this case, we conclude that the trial court erred by entering a wage withholding order to enforce contractual alimony. We sustain Steven's sole issue. The judgment of the court below is reversed and it is rendered that the wage withholding order is vacated.

REVERSED AND RENDERED.