**Reversed and Rendered and Memorandum Opinion filed May 21, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00418-CV

**MIGUEL ANGEL PAPPOLLA, Appellant**

**V.**

**MARCIA JULIETA SIMOVICH, Appellee**

**On Appeal from the 308th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-14930**

## M E M O R A N D U M   O P I N I O N

Appellant Miguel Angel Pappolla agreed to pay contractual alimony to appellee Marcia Julieta Simovich as part of a divorce settlement. When Pappolla failed to make payments required under the agreement, Simovich filed a petition seeking acceleration and payment of the remaining obligation. The trial court granted Simovich's petition and signed a wage withholding order. In two issues, Pappolla contends that the trial court erred by ordering wage withholding for

contractual alimony.  We reverse the trial court's order and render judgment vacating the wage withholding.

## BACKGROUND

Pappolla and Simovich entered into a divorce settlement agreement.  The trial court approved it and included its provisions in the final divorce decree.  The agreement contained a provision titled "Contractual Alimony" that provided:

> Amount—[Pappolla] will pay to [Simovich] six thousand dollars ($6,000.00) per month as contractual alimony under the IRS Tax Code.  These Payments will be payable the 1st day of each month, beginning on July 1, 2010.

Pappolla missed several payments under this provision, and Simovich filed a petition seeking the acceleration and payment of Pappolla's remaining alimony obligation of $180,000.  The trial court granted Simovich's petition and signed a wage withholding order on January 13, 2012.  Pappolla disputed the wage withholding order, and after a hearing, the trial court confirmed the order on February 8, 2012.  Pappolla timely appealed.

Pappolla contends on appeal that the trial court erred by signing the January 13 wage withholding order because (1) the contractual alimony to which he agreed is not subject to wage withholding under Texas Family Code, section 8.101; and (2) section 8.101(b) violates article XVI, section 28, of the Texas Constitution. Simovich contends that (1) chapter 8 of the Family Code applies because Pappolla's contractual alimony payments were delinquent, and (2) Pappolla has failed to preserve his constitutional argument.

## ANALYSIS

Determining whether a trial court may order wage withholding for alimony payments is a question of law we review *de novo*.  *Heller v. Heller*, 359 S.W.3d

2

902, 903 (Tex. App.—Beaumont 2012, no pet.); *Kee v. Kee*, 307 S.W.3d 812, 813 (Tex. App.—Dallas 2010, pet. denied). Resolution of this question turns on section 8.101 of the Texas Family Code.

The Texas Family Code allows courts to withhold income to enforce certain obligations:

> (a) in a proceeding in which periodic payments of spousal maintenance are ordered, modified, or enforced, the court may order that income be withheld from the disposable earnings of the obligor as provided by this chapter.
>
> (b) This subchapter does not apply to contractual alimony or spousal maintenance, regardless of whether the alimony or maintenance is taxable, unless:
>
> > (1) the contract specifically permits income withholding; or
> >
> > (2) the alimony or maintenance payments are not timely made under the terms of the contract.

Tex. Fam. Code Ann. § 8.101 (Vernon 2006).

As a threshold matter, we note that existing case law uniformly rejects the use of income withholding to enforce contractual alimony. *See Heller*, 359 S.W.3d at 904; *Kee*, 307 S.W.3d at 816; *McCollough v. McCollough*, 212 S.W.3d 638, 645 (Tex. App.—Austin 2006, no pet.). In each case, the obligee argued that a contractual alimony obligation amounted to spousal maintenance for purposes of Chapter 8. *See Heller*, 359 S.W.3d at 904; *McCollough*, 212 S.W.3d at 641; *see also Kee*, 307 S.W.3d at 813 ("Wife contends that Husband had a legal duty to support her in addition to his contractual obligation to do so."). The courts' analysis focused on determining the nature of the obligation at issue. Because the

3

alimony obligations were purely contractual,[1] they were not spousal maintenance for purposes of Chapter 8 and could not be enforced through income withholding. *See Heller*, 359 S.W.3d at 904; *Kee*, 307 S.W.3d at 816; *McCollough*, 212 S.W.3d at 645.

Simovich does not argue that the obligation at issue is spousal maintenance. She concedes that it is purely contractual alimony; she nonetheless contends that section 8.101 authorizes wage withholding "regardless of whether the obligation is contractual alimony or court-imposed maintenance." Resolving Simovich's contention requires us to examine the interplay of subsections (a) and (b).

In construing a statute, our objective is to determine and give effect to legislative intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 750 (Tex. App.—Houston [14th Dist.] 2010, no pet.). We look at the statute's plain and common meaning because we presume the legislature intended the plain meaning of its words. *Allen*, 15 S.W.3d at 527; *Sharp Eng'g*, 321 S.W.3d at 750. We may consider, among other things, the statute's objectives and the consequences of a particular construction. *Grimes Cnty. Bail Bond Bd. v. Ellen*, 267 S.W.3d 310, 316 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). We read the statute as a whole and interpret it to effectuate every part. *Id.* We presume the legislature intended to comply with the Texas Constitution. Tex. Gov't Code Ann. § 311.021(1) (Vernon

---

[1] Alimony obligations arising solely under contract are debts and may be enforced only by "ordinary processes of law," such as execution, attachment of real property, and orders requiring payment of support as agreed. *In re Green*, 221 S.W.3d 645, 648 (Tex. 2007) (per curiam); *Ex parte Hall*, 854 S.W.2d 656, 658 (Tex. 1993). Such obligations cannot be enforced through income withholding under section 8.101 because they do not give rise to a legal duty under Chapter 8. *See Heller*, 359 S.W.3d at 904; *Kee*, 307 S.W.3d at 816; *McCollough*, 212 S.W.3d at 645; *cf. Green*, 221 S.W.3d at 648 ("[A] court order to pay spousal support is unenforceable by contempt if the order merely restates a private debt rather than a legal duty imposed by Texas law.").

2013); *In re Allcat Claims Serv., L.P.* 356 S.W.3d 455, 468 (Tex. 2011).

Subsection (a) is framed in permissive terms and affirmatively allows withholding in a "proceeding in which periodic payments of spousal maintenance are ordered, modified, or enforced." Tex. Fam. Code Ann. § 8.101(a).

Subsection (b) is framed as a limitation on the applicability of "[t]his subchapter," meaning the entirety of sections 8.101 through 8.108 designated as "Subchapter C. Income Withholding." Sections 8.101 through 8.108 "[do] . . . not apply to contractual alimony or spousal maintenance . . . unless . . . the contract specifically permits income withholding; or . . . the alimony payments are not timely made under the terms of the contract. *Id.* § 8.101(b) (1), (2).

Subsection 8.101(b)(1) is not at issue here because the contract does not specifically permit income withholding. We focus on subsection 8.101(b)(2) and Pappolla's asserted failure to make timely alimony payments under the terms of the contract.

The fit between sections 8.101(a) and 8.101(b) is not seamless. Subsection (a), framed permissively to allow withholding, refers to "a proceeding in which periodic payments of spousal maintenance are ordered, modified, or enforced." In contrast, subsection (b) is framed restrictively to exclude withholding but also provides exceptions to the exclusion; it refers to "contractual alimony or spousal maintenance."

Simovich argues that we should read subsections 8.101(a) and 8.101(b)(2) as independent provisions. Under this approach, withholding is permissible if either subsection can be read in isolation to allow wage withholding for contractual alimony. We reject this approach for two reasons.

First, this approach violates the command to read a statute as a whole. *See,*

5

*e.g., In re Allcat Claims Serv.*, 356 S.W.3d at 468.

Second, this approach impermissibly renders superfluous subsection (a)'s affirmative grant of withholding power only in situations involving "payments of spousal maintenance." *See, e.g., Grimes Cnty. Bail Bond Bd.*, 267 S.W.3d at 316. As written, subsection (a) encompasses withholding for spousal maintenance but not contractual alimony. Subsection (b) provides that section 8.101 and the rest of Subchapter C does not apply unless an exception is satisfied. Simovich contends that an exception applies under subsection (b)(2). But even if this exception applies, the exception merely makes subsection 8.101(a) operative again — and subsection 8.101(a) still encompasses only proceedings that involve spousal maintenance.[2] *Cf. Zurich Am. Ins. Co. v. McVey*, 339 S.W.3d 724, 729 (Tex. App. —Austin 2011, pet. denied) (satisfying a statutory provision creating exceptions to an exclusion from workers' compensation coverage does not automatically establish coverage; satisfying exception merely establishes that exclusion does not apply). The way to reconcile and harmonize these provisions is to determine, as we do now, that income withholding may be used to enforce contractual alimony under section 8.101 when contractual alimony satisfies the requirements for spousal maintenance.[3]

---

[2] Family Code section 158.001, concerning the use of income withholding to enforce child-support obligations, mirrors the language in section 8.101(a): "In a proceeding in which periodic payments of child support are ordered, modified, or enforced, the court or the Title IV-D agency shall order that income be withheld from the disposable earnings of the obligor as provided by this chapter." Tex. Fam. Code § 158.001 (Vernon 2008).

[3] *See* Tex. Fam. Code Ann. § 8.051 (Vernon 2006) (allowing a court to order spousal maintenance only when "the spouse seeking maintenance will lack sufficient property . . . to provide for the spouse's minimum reasonable needs" and (1) the spouse from whom maintenance is sought has recently been "convicted of or received deferred adjudication for . . . an act of family violence;" or (2) the spouse seeking maintenance (a) "is unable to earn sufficient income because of an incapacitating physical or mental disability," (b) "has been married to the other spouse for 10 years or longer and lacks the ability to earn sufficient income," or (c) "is the custodian of a child of the marriage . . . who requires substantial care and personal supervision

Moreover, the reading urged by Simovich is constitutionally problematic. The Texas Constitution allows income withholding in only two circumstances: (1) the enforcement of court-ordered child support and (2) the enforcement of court-ordered spousal maintenance. *See* Tex. Const. art. XVI, § 28. Simovich has conceded the absence of a spousal maintenance award and has provided no basis for concluding that the alimony obligation relates to child support. Therefore, Simovich's construction of section 8.101 to allow for income withholding under the particular circumstances in this case would violate the constitution.[4] This is an additional reason for rejecting her proffered construction. *See* Tex. Gov't Code Ann. § 311.021(1); *In re Allcat Claims Serv.*, 356 S.W.3d at 468.

The trial court erred by entering a wage withholding order to enforce contractual alimony. We sustain Pappolla's first issue, and we do not address his second issue.

## CONCLUSION

The judgment of the court below is reversed, and it is rendered that the wage withholding order is vacated.

/s/    William J. Boyce
       Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

---

because of a physical or mental disability that prevents the spouse from earning sufficient income").

[4] We take no position on the constitutionality of section 8.101 in proceedings that involve court-ordered spousal maintenance. That question is not raised by the record before us.