**Affirm and Opinion Filed June 30, 2022**



In The
𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘
𝕱𝖎𝖋𝖙𝖍 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕿𝖊𝖝𝖆𝖘 𝖆𝖙 𝕯𝖆𝖑𝖑𝖆𝖘

No. 05-21-00067-CV

**NAOMI ABRAHAM MISHLER, Appellant**
**V.**
**STUART G. MISHLER, Appellee**

**On Appeal from the 470th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 470-52796-2019**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Molberg

Pro se appellant Naomi Mishler appeals the trial court's order of enforcement of her agreed final decree of divorce from appellee Stuart Mishler. Appellant raises six issues, arguing the enforcement order violated appellant's First Amendment rights and her rights under the Texas Constitution; the trial court lacked subject matter jurisdiction; the trial court wrongly interpreted the divorce decree; the enforcement order was unconscionable and unenforceable as a matter of law and was based on insufficient evidence. We will affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## Background

In the parties' December 10, 2019 agreed decree of divorce, appellant agreed to, by no later than January 8, 2020, "accept the Gett prepared for the parties . . . in order to effectuate the parties' divorce under Jewish law." Appellant further agreed to deliver to appellee a Wi-Fi router and "all Nintendo 64 games currently in her possession or in the possession of her mother." Upon appellant's delivery of these items and her acceptance of the Gett, appellee agreed to deliver to appellant numerous items, listed in Schedule E attached to the decree, "to the extent they can be located." The parties acknowledged in the decree that "before signing this Agreed Final Decree of Divorce they have read [it] fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Agreed Final Decree of Divorce constitute a full and complete resolution of this case." The trial court signed and entered the final decree on January 8, 2020.

Appellee filed a petition for enforcement of the divorce decree on October 9, 2020. He alleged appellant failed to accept the Gett by January 8, 2020, failed to return the router and games, and failed to make arrangements to collect the Schedule E items. Appellee requested the trial court to order appellee to accept the Gett and return the router and games. He also requested damages to compensate him for appellant's failure to collect the Schedule E items, which required appellee to pay

storage fees, and he requested attorney's fees. Appellee filed several answers in response.

The trial court held a hearing on November 18, where appellee testified he knew appellant had not accepted the Gett because he had not received a copy from his rabbis. He stated the Wi-Fi router and video games were in appellant's possession on the date of divorce and appellant never informed him prior to signing the decree that she did not have the router or games. He stated he placed appellant's Schedule E items in storage after she failed to arrange to have them picked up, and he incurred $1,276 in costs storing the items. Appellant testified she never had possession of the router or the Nintendo games. She said she made about three attempts to arrange to pick up her Schedule E items but was unsuccessful. Appellant said she did not speak Aramaic or Hebrew and thus would not have understood a Gett in those languages; appellee disputed this and stated the Gett was in Hebrew and English. She testified a Gett was never presented to her, and she had not met with the rabbis because of COVID-19; she said she was not resisting signing a Gett.

On November 21, 2020, the trial court entered the following enforcement order:

> Per the parties' agreement, IT IS ORDERED that upon NAOMI ABRAHAM's a/k/a NAOMI ABRAHAM MISHLER's acceptance of the GETT and delivery of the EERO Wi-Fi router to STUART G. MISHLER, STUART G. MISHLER will make available to NAOMI ABRAHAM a/k/a NAOMI ABRAHAM MISHLER the items listed on Schedule E of the Agreed Final Decree of Divorce, entered by the Court in this matter on January 8, 2020 (the "Decree"), to the extent such

items can be located. IT IS FURTHER ORDERED that NAOMI ABRAHAM a/k/a NAOMI ABRAHAM MISHLER take possession of such items, at her own expense, by no later than December 16, 2020.

IT IS ORDERED that if by December 16, 2020 NAOMI ABRAHAM a/k/a NAOMI ABRAHAM MISHLER has not accepted the GETT previously prepared for the parties on December 2, 2029 [sic]; delivered the EERO Wi-Fi router to STUART G. MISHLER; and taken possession of the items awarded to her under Schedule E of the Decree, STUART G. MISHLER shall no longer be obligated to keep or store such items and can dispose of them at his discretion.

IT IS ORDERED that Stuart Mishler is granted judgment against Naomi Abraham for $1,276.00, such judgment bearing interest at 5% per year compounded annually from the date this order is signed, for which let execution issue.

This appeal followed.

## Discussion

We review the trial court's ruling on a post-divorce motion for enforcement of a divorce decree under an abuse of discretion standard. *Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 815 (Tex. App.—Dallas 2008, no pet.). Trial courts have inherent authority and authority under Texas Rule of Civil Procedure 308 to enforce their judgments, orders, and decrees. *Holland v. Holland*, 357 S.W.3d 192, 198 (Tex. App.—Dallas 2012, no pet.). "Trial courts have broad discretion in the enforcement of their judgments[.]" *Katz v. Bianchi*, 848 S.W.2d 372, 375 (Tex. App.—Houston [14th Dist.] 1993, no writ). Enforcement orders must be consistent with the original judgment and "must not constitute a material change in substantial adjudicated portions of the judgment." *Holland*, 357 S.W.3d at 198 (quoting *Katz*,

–4–

848 S.W.2d at 374). Absent an appeal from a final divorce decree, the judgment becomes final; a party may not then collaterally attack a provision in the decree in an appeal from an order enforcing the decree. *See Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003).

In appellant's first issue, she argues the divorce decree and enforcement order's conditioning her receipt of possessions on acceptance of Gett violated the Free Exercise Clause of the U.S. Constitution. In her second issue, she similarly argues the Gett provision in the decree and order violated article I, section 6 of the Texas Constitution. In appellant's fourth issue, she argues the decree was ambiguous in failing to define what it meant to accept the Gett. And in her fifth issue, she argues the enforcement order was unconscionable and unenforceable as a matter of law because it allowed appellee to dispose of appellant's belongings if she "failed to comply with [appellee's] religious beliefs and provide [appellee] with at most $320 of his personal belongings."

With each of these issues, appellant's complaint is ultimately with the final decree of divorce, which conditioned appellee's obligation to return the Schedule E items on appellant's accepting the Gett and returning the router and games. Appellant did not appeal from the trial court's entry of the final decree. We conclude she cannot now attack the decree through this appeal of the enforcement order, which we conclude was consistent with the final decree. *See Reiss*, 118 S.W.3d at 443; *see also Schmitt v. Schmitt*, No. 14-17-00221-CV, 2019 WL 1768649, at *6 (Tex.

–5–

App.—Houston [14th Dist.] Apr. 23, 2019, pet. denied) (mem. op.) (husband could not attack unconstitutional division of property in divorce decree by challenging enforcement order which was consistent with the decree); *Keller v. Keller*, No. 02-17-00466-CV, 2018 WL 4782162, at \*4 (Tex. App.—Fort Worth Oct. 4, 2018, no pet.) (mem. op.) (husband's attack on divorce decree's purported ambiguity was not supportable in collateral proceeding); *cf. Miller v. Miller*, 721 S.W.2d 842, 844 (Tex. 1987) ("If [appellant] is seeking to show that she did not consent to the decree entered, she should have presented any change in the agreement or circumstances to the trial court prior to the signing of the decree."). Appellant's first, second, third, and fifth issues are overruled.

In her third issue, appellant argues the trial court lacked subject matter jurisdiction to hear the parties' dispute over the Gett; she invokes the ecclesiastical abstention doctrine. "A court that rendered a divorce decree generally retains continuing subject-matter jurisdiction to enforce and to clarify the divorce decree's property division." *DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.). "In a suit to enforce the decree, a court has continuing jurisdiction to render further orders to enforce the division of the property made in the decree of divorce to assist in the implementation of or to clarify the prior order." *Id*. But the "ecclesiastical abstention doctrine prohibits civil courts from delving into matters of 'theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of

–6–

them.'" *In re Lubbock*, 624 S.W.3d 506, 508–09 (Tex. 2021) (orig. proceeding) (quoting *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 714 (1976)). Although "article I, section 6 of the Texas Constitution and the First Amendment to the United States Constitution afford broad protection to the free exercise of religion, they do not necessarily bar all claims which may touch on religious conduct." *Tilton v. Marshall*, 925 S.W.2d 672, 677 (Tex. 1996). "A court may exercise jurisdiction over a controversy if it can apply neutral principles of law that will not require inquiry into religious doctrine, interference with the free-exercise rights of believers, or meddling in church government." *Lubbock*, 624 S.W.3d at 513.

We reject appellant's contention that the ecclesiastical abstention doctrine deprived the trial court of subject matter jurisdiction here. In its enforcement order, the trial court echoed the conditional arrangement the parties previously agreed to. In so doing, it did not delve "into matters of 'theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them.'" *Lubbock*, 624 S.W.3d at 508–09. Indeed, at the hearing on the enforcement order, the trial court made clear it was not addressing any claims regarding religious practices:

> [Trial court]: Okay. All right. In looking at the alleged violations, I believe Violation 1 was about a Jewish religious practice, Violation 2 was about a Wi-Fi router and some video games, and Violation 3 was a schedule of personal property attached to the decree; is that correct?
>
> [Appellee's counsel]: Yes.

–7–

[Trial court]: Okay. All right. And then I read the response that pointed out that under the First Amendment, the government cannot compel a party to do a religious practice. Is that your understanding as well?

[Appellee's counsel]: It is my understanding that the parties can agree, which they did in this case, because it is an agreed decree of divorce, and that the -- the Court could enter an order on that agreement, which is what happened in this case.

[Trial court]: Okay. But I can't put someone in jail for not doing a religious practice, correct?

[Appellee's counsel]: Okay.

. . . .

[Trial court]: Okay. So Mr. Abraham [sic] already has an order ordering those things, but today he's seeking a second order ordering those things.

[Appellee's counsel]: By a date and time certain.

[Trial court]: Okay.

[Appellee's counsel]: Because the decree does -- well, the decree did -- actually, under the terms of the decree, she was to accept the get by no later than January 8th. And here we are in November. So, you know, she's had plenty of time to do it.

[Trial court]: Okay. The Court will take no action about the parties' religious practice. So I don't -- I don't believe we need to talk about Violation 1 any further. But we can address the delivery of the personal property.

The court's enforcement order reflected this commitment. The order did not require appellant to engage in any religious practices; instead, it reiterated what the parties had agreed to: upon appellant's acceptance of the Gett and delivery of the router, appellee was required to make available to appellant the Schedule E items— otherwise appellee would be free to dispose of the items as he wished. Though we find no Texas cases addressing this issue, courts in other jurisdictions have found no First Amendment barriers to such orders. *See generally* Jodi M. Solovy, Civil

–8–

Enforcement of Jewish Marriage and Divorce: Constitutional Accommodation of A Religious Mandate, 45 DePaul L. Rev. 493, 519 (1996) (describing cases finding no constitutional infirmity in enforcing negotiated separation agreements that make certain arrangements contingent on acceptance of Gett); Michelle Greenberg-Kobrin, Civil Enforceability of Religious Prenuptial Agreements, 32 Colum. J.L. & Soc. Probs. 359, 371 (1999) ("The courts have stated that fulfilling the agreement does not require a profession of faith, rather, that it simply requires the party to perform an act to which he himself previously agreed.").

Accordingly, we conclude the trial court had subject matter jurisdiction to enforce the parties' divorce decree. *DeGroot*, 260 S.W.3d at 662. Appellant's third issue is overruled.

Finally, in appellant's sixth issue, she argues the enforcement order's $1,276 judgment for appellee was based upon insufficient evidence. In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review: legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). "[T]o determine whether there has been an abuse of discretion because the evidence is legally or factually insufficient to support the trial court's decision, we use a two-pronged inquiry: (i) did the trial court have sufficient evidence upon which to exercise its discretion, and (ii) did the trial court err in its application of that

discretion." *In re W.R.B.*, No. 05-12-00776-CV, 2014 WL 1008222, at *3 (Tex. App.—Dallas Feb. 20, 2014, pet. denied) (mem. op.).

Appellee testified that, when appellant failed to make arrangements to pick up the Schedule E items, he had to put them in storage, which at the time of the hearing had cost him $1,276. His testimony was corroborated by a document listing his account activity relating to the storage expenses and an e-mail confirming his November 2020 payment, both of which were admitted as an exhibit at the hearing. Despite this, appellant argues there is some discrepancy about the particular storage unit in which the items were stored. The payment confirmation referred to unit D111. Appellant points to Schedule B of the divorce decree, which stated appellant was awarded all of the personal property "located in units G208 and D114" at ExtraSpace Storage and an e-mail referring to D114. But there is nothing in the record to suggest the Schedule E items were stored in D114. According to Schedule B, appellant was awarded both the items located in D114 *and also* "[a]ll items listed on Schedule E that can be located by [appellee]." Thus, according to the decree, the items located in D114 and the Schedule E items were not the same items. Nothing in the record contradicts appellee's testimony that he separately stored the Schedule E items after appellant failed to make arrangements to pick them up.

We conclude sufficient evidence supported the trial court's conclusion that appellant incurred $1,276 in costs storing the Schedule E property. Accordingly, the

trial court did not abuse its discretion by awarding appellee $1,276 in damages.  We overrule appellant's sixth issue.

## Conclusion

We affirm the trial court's judgment.


210067f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

NAOMI ABRAHAM MISHLER,
Appellant

No. 05-21-00067-CV     V.

STUART G. MISHLER, Appellee

On Appeal from the 470th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 470-52796-
2019.
Opinion delivered by Justice
Molberg. Justices Schenck and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee STUART G. MISHLER recover his costs of this appeal from appellant NAOMI ABRAHAM MISHLER.

Judgment entered this 30th day of June 2022.